IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| A. SHAHEED ABDULLAH, | § | |
|     PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:25-CV-2247-E-BK |
| | § | |
| DIRECTOR TDCJ-CID, | § | |
|     RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, *pro se* Petitioner A. Shaheed Abdullah's *Motion for Enlargement of Time or, in the Alternative, Motion to Stay* was referred to the United States Magistrate Judge for case management, including the entry of findings and a recommended disposition. Doc. 3. Upon review of the relevant pleadings and applicable law, Petitioner's motion, construed as a request for extension of time to file a habeas corpus petition under 28 U.S.C. § 2254, should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

On August 19, 2025, Abdullah moved for an extension of 120 days to prepare and file a state court writ of habeas corpus under article 11.07 challenging his Dallas County conviction for robbery in cause number F22-76156-Q. Doc. 3 at 1. He asserts that he had to undergo surgery in October 2024 surgery and was subsequently hospitalized until January 30, 2025. Doc. 3 at 1-2. Abdullah also references in passing the one-year statute of limitations for filing a federal habeas corpus petition under 28 U.S.C. § 2254 and states that his "filing" was due by no later than August 21, 2025—one year after the Texas Court of Criminal Appeals refused his petition for discretionary review. Doc. 3 at 1; *Abdullah v. State*, No. 05-23-00163-CR (Tex. App. March

18, 2024) (affirming conviction as modified); *Abdullah v. State* , No. PD-0281-24 (Tex. Crim. App. Aug. 21, 2024) (refusing petition for discretionary review).

To the extent Abdullah seeks permission from this Court to extend the period to file his state habeas petition, this Court lacks authority to consider his request. And if Abdullah requests to extend the time to file a § 2254 petition, this Court lacks jurisdiction to consider such request, since the motion is not accompanied by even a skeletal § 2254 petition.

Federal courts lack jurisdiction to consider the timeliness of a § 2254 petition until it is actually filed. *See United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. Apr. 6, 2005) (per curiam) ("Before the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'" (quoting *United States v. Leon,* 203 F.3d 162, 163 (2d Cir. 2000) (per curiam))). Thus, until Abdullah files a § 2254 petition, there is neither an adverse party before the Court nor a concrete dispute for the Court to decide. *See, e.g.*, *United States v. Bautista*, 548 F. App'x 254, 254 (5th Cir. 2013) (per curiam) (affirming denial of motion for extension of time to move to vacate sentence under 28 U.S.C. § 2255 because the district court lacked jurisdiction to entertain the motion for extension of time); *see also Braz v. Thaler*, No. 3:11-CV-993-M-BK, 2011 WL 2314086, at *1 (N.D. Tex. May 20, 2011), *rec. accepted*, 2011 WL 2312292, at *1 (N.D. Tex. Jun. 9, 2011) (dismissing for want of jurisdiction motion to extend time to file § 2254 petition).

To be sure, neither the Rules Governing Habeas Cases under § 2254 nor the Federal Rules of Civil Procedure contemplate the filing of a motion for extension of time to file a federal habeas petition. Furthermore, the habeas corpus statute does not authorize federal courts to prospectively extend, stop, or toll the one-year statute of limitations. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2244(d).

For all these reasons, Abdullah's construed motion for extension of time to file a habeas corpus petition under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[1]

**SO RECOMMENDED** on September 3, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

[1] Abdullah is admonished that 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing habeas corpus petitions in federal court. *See also Hardaway v. Davis*, 684 F. App'x 444, 448 (5th Cir. 2017) (finding that timely filing of a motion for extension of time, standing alone, could not toll the one-year limitations period for filing a federal habeas petition).